UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YONATHAN MONTERO,<br><br>Petitioner,<br><br>v.<br><br>TAE D. JOHNSON, et al.,<br><br>Respondents. | No. 1:26-cv-04126-DJC-SCR<br><br><br>ORDER<br><br>A# 241-934-027 |

Petitioner Yonathan Montero is an immigration detainee proceeding with a Petition for Writ of Habeas Corpus (ECF No. 1) and Motion for Temporary Restraining Order (ECF No. 2). The Court has previously addressed the legal issues raised in Count 1 of the Petition. *See Morillo v. Albarran*, No. 1:25-cv-01533-DJC-AC, 2025 WL 3190899 (E.D. Cal. Nov. 15, 2025); *see also E.L.D.M. v. Becerra*, No. 1:25-cv-01906-DJC-JDP, 2025 WL 3707140 (E.D. Cal. Dec. 22, 2025).

The Court informed the parties that it intended to rule directly on the petition and ordered Respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders. (ECF No. 5.) Neither party objected to the Court ruling directly on the merits of the petition. Respondents agree that Petitioner is detained under 1226(a) and is thus entitled to a bond hearing. Respondents argue that the Court should deny the Petition on exhaustion grounds as Petitioner has not requested a bond hearing while housed at California City Correctional Facility. (ECF No. 6 at 3.) However, Respondents also acknowledge that Petitioner previously requested a bond hearing but that this request

1

was canceled by the Government when Petitioner was moved.  (*Id.*)  Given Petitioner requested a bond hearing, it is unclear what imposing such an exhaustion requirement would accomplish and the Court declines to do so.  Respondents also note that Petitioner's present detention occurred in connection with pending state criminal charges.  (*Id.* at 2.)  This does not alter the Court's core analysis but justifies providing Petitioner with a prompt post-deprivation hearing.

Accordingly, as Respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that would distinguish it from the Court's prior decisions cited above, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED as to Count 1, for the reasons stated in those prior orders.[1]

Within fourteen (14) days of this Order, Respondents shall afford Petitioner Yonathan Montero a bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond must be considered.  If Petitioner is not provided a bond hearing in this time, Respondents are ordered to immediately release Petitioner from their custody.

Respondents shall file a status report within five (5) days of Petitioner's bond hearing, confirming a bond hearing was conducted.

The Clerk of the Court is directed to close this case and enter judgment for Petitioner.  This Order resolves all pending motions.

IT IS SO ORDERED.

Dated:   **June 5, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

---

[1] In the interests of judicial economy, the Court declines to address the remaining grounds for relief in the Petition.